# AUTOMATIC SIGNAL ADVERTISING COMPANY v. CHARLES M. BABCOCK.[1]

March 26, 1926.

No. 25,088.

**Regulation of state trunk highway within cities and villages.**

1. The provisions of General Highway Act, chapter 13, G. S. 1923, give the commissioner of highways the regulation and general supervision of the state trunk highway as well within as without the limits of the cities and villages through which it extends.

**Permit from commissioner required before erection of signals.**

2. A private party may not place stop and go signals in or upon a trunk highway without a permit so to do from the commissioner of highways.

**Cities and villages may not encroach on commissioner's authority to regulate traffic.**

3. Cities and villages may regulate traffic upon trunk highways by ordinances not in conflict with the state law, but that power cannot be extended so as to encroach upon the authority given the commissioner of highways.

**Purpose of constitutional amendment.**

4. The general purpose of article 16 of the Constitution was to provide for a uniform trunk highway system covering the entire state under one supervision.

Highways 29 C. J. p. 573 n. 38; p. 646 n. 39, 40, 44.

[1]Reported in 208 N. W. 132.

Action in the district court for Ramsey county to enjoin the commissioner of highways from interfering with stop and go signal devices in certain cities. From a judgment upon the pleadings, Olin B. Lewis, J., plaintiff appealed. Affirmed.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly*, for appellant.

*Clifford L. Hilton*, Attorney General, and *G. A. Youngquist*, Assistant Attorney General, for respondent.

QUINN, J.

By this action, plaintiff seeks to obtain judgment permanently enjoining the defendant, as commissioner of highways of Minnesota, from in any manner interfering with certain stop and go signal devices which it is and which it proposes to place and install in and upon the state trunk highway within the limits of the cities and villages through which such highway passes under permits given it by the governing bodies of such municipalities. Upon a hearing of motions for judgment upon the pleadings, the court denied the injunction and dismissed the action, from which order plaintiff appealed.

Section 1 of article 16 of the Constitution of Minnesota, adopted November 2, 1920, is as follows:

"Section 1. There is hereby created and established a trunk highway system, which shall be located, constructed, reconstructed, improved and forever maintained as public highways, by the state of Minnesota. The said highways shall extend as nearly as may be along the following described routes, the more specific and definite location of which shall be fixed and determined by such boards, officers or tribunals, and in such manner as shall be prescribed by law, but in fixing such specific and definite routes there shall not be any deviation from the starting points or terminals set forth in this bill, nor shall there be any deviation in fixing such routes from the various villages and cities named herein, through which such routes are to pass."

Following section 1 is a general description of over 70 different routes, consecutively numbered, with provision for creating addi-

tional routes as occasion may require and funds are available therefor. After the adoption of article 16, the General Highway Act, L. 1921, p. 406, c. 323; chapter 13, G. S. 1923, §§ 2542 to 2720, was enacted, which provides that roads, not included within the limits of any city, village or borough, except when specially mentioned shall, for the purposes of this act, be designated and referred to as "Trunk Highways," "State Aid Roads," "County Roads," and "Town Roads," and shall be laid out, constructed, improved and maintained by the authorities hereinafter set forth, the trunk highway to include all roads established under the provisions of article 16.

Section 2554 empowers the commissioner of highways to carry out the provisions of section 1 of article 16 of the Constitution. It empowers him to acquire all necessary right of way needed and to locate, construct, improve, reconstruct and maintain the same, and to contract, on an equitable basis, for the construction of bridges and approaches necessary for the separation of grades at points of intersection with railroads. Subdivision 7 of said section provides that whenever during the construction work on any trunk highway it may be necessary to prevent traffic from passing over the same, the commissioner of highways is empowered to close such portion of the highway to any or all traffic.

Section 2549 of the statute provides that all trunk highways shall be located, constructed, improved and maintained by the state which is hereby vested with all the rights, title, easements and appurtenances thereto appertaining, held or vested in any of the counties or any legal subdivision thereof, or dedicated to the public use prior to the time any such road is taken over by the state as a trunk highway.

Plaintiff is engaged in the manufacturing and installing of stop and go signals in and upon public highways of the cities and villages of the state, under permits granted to it by the governing bodies of such muncipalities. These devices are ten feet and nine inches in height, with concrete base 4½ feet square upon which are erected a signal base, signal head and ruby glass ball. The signal base and signal head are equipped with glass panels and electric lights

which shine constantly through the glass panels. The device is placed upon the traveled part of the road, near sharp curves and other dangerous places, to warn those traveling by automobile against danger and injury to life and property. The panels on the signal base furnish space and are to be used for advertising purposes.

Plaintiff has installed a number of such devices in cities and villages of the state in and upon the trunk highways therein and intends and is about to install more in the different municipalities of the state upon such highways under and pursuant to permits granted it through the governing bodies of such cities and villages. Such permits require plaintiff to install and maintain such devices at such points as the various governing bodies may designate and to maintain the same for six years without cost to the municipality except with respect to the electric current necessary in and to the operation of the same which the municipality agrees to furnish. It also gives to the plaintiff the rght to contract for advertisements to be displayed in connection with such signals and regulators upon the space provided therefor. The only revenue which plaintiff derives or will derive from such device is such as comes from the advertising contracts to be entered into and it is only through such revenue that plaintiff will be able to reap a profit from such business, which it is alleged will be sufficient to meet all of the expenses and leave a fair profit to the enterprise.

The plaintiff asserts that it is its intent and purpose to place and install such devices in and upon the portion of certain streets within such cities and villages which constitute a part of the state trunk highway under the authority given it by permits from the various governing bodies of such cities and villages. It further alleges that, unless restrained from so doing, the defendant Babcock threatens to and that he will interfere with and remove such devices to the damage of the plaintiff. The defendant, in answer to the foregoing claim of the plaintiff, asserts that the placing and installing of such devices in the improved part of such trunk highway within said municipalities will materially interfere with the maintenance there-

of and therefore it is his duty as commissioner of highways to, and that he will, acting as such commissioner, cause such devices to be removed from such portions of the trunk highway unless restrained by order of the court from so doing. He insists that, as such commissioner of highways, he has complete control and supervision thereof as well within as without the limits of such municipalities, while plaintiff contends that such supervision remains in and with the governing bodies the same as before the taking over by the state for such trunk highway purpose.

It is clear, from a reading of the statute in connection with article 16, that it was the purpose, so far as practicable, to provide for a trunk highway system covering the entire state, the design, construction and maintenance, including supervision, to be as nearly uniform as feasibility may allow. To that end the design, detailed location, construction and maintenance were placed under one management. The 70 odd lines or routes were made into one state trunk highway and placed under one management. It is manifest that by the phrase "to improve and maintain such trunk highway," as used in the statute, was meant and intended to give the same officer or tribunal, having charge of the construction and maintenance, the general supervision, upkeep and regulation of the traveled portion of the system throughout its entire length. The evident purpose was to establish and maintain, as nearly as practicable, a uniform system so as to better acquaint and familiarize the traveling public with the system and thereby render traffic less hazardous. To allow the governing bodies of the many cities and villages through which the lines pass to interfere with the commissioner's duties within their respective municipalities would destroy uniformity and result in constant turmoil.

The phrase "to reconstruct, improve and maintain such trunk highway," as used in the statute, means to build and keep in proper condition for public traffic, not a part of such trunk highway but the whole of it, that is, to keep the roadway in repair and open to public traffic and, insofar as may be, free from dangerous obstruction. It requires no argument to demonstrate that such a stop and

go device, placed in the center of a pavement 18 feet in width, would amount to an encroachment thereon. Its installment would necessitate a cutting of the pavement. It is wired for electricity from underneath. The manner of securing it to the pavement must be considered.

Section 2558 of the statute provides that all public utilities or other structures which, under the laws of the state or ordinances of any village or city, may be constructed or maintained across, on or along any trunk highway, may be maintained and constructed only in accordance with such regulations as may be prescribed by the commissioner of highways. The phrase "or other structures," as used in this statute, refers to just such a case as we have here under consideration. It is direct and certain in its application and meaning.

Subdivision 3 of section 2615, G. S. 1923, provides as follows:

"Any person who in any manner places, puts or maintains any advertisement within the limits of a public highway, or who in any manner paints, prints, places, puts or affixes, or causes to be painted, printed, placed or affixed any advertisement on or to any stone, tree, fence * * * or other object within the limits of a public highway, shall be guilty of a misdemeanor; Provided, however, * * * . Any advertisement in or upon a public highway in violation of the provisions of this subdivison may be taken down, removed or destroyed by direction or authority of the commissioner of highways in the case of state trunk highways."

It is contended, however, that the foregoing statute has no application to trunk highways within cities and villages. But G. S. 1923, § 2543, provides that

"The words 'road' or 'highway,' whenever used in this act, shall mean, unless otherwise specified, the several kinds of highways as defined in section 1 of this act, and also cartway, street, alley, avenue, boulevard, together with all bridges or other structures thereon which form a part of the same."

The statute, section 2554, subdivision 4, relieves cities and villages from "responsibilites and duties" on trunk highways within their municipality. They no longer have any authority to expend public money thereon for any purpose. This statute in no way interferes with the police power vested in cities or villages. The general power of the city or village to regulate and control traffic, except insofar as it is limited by the highway act, is not questioned. It may regulate travel upon trunk highways by ordinances not in conflict with the state law, but that power cannot be extended so as to encroach upon the authority given the commission by the statute. We are of the opinion and hold that it was the purpose of the highway act to vest in the commissioner of highways power to regulate the erection and maintenance of danger signals and warning devices and signs, as well as the general supervision and maintenance of such highway. State v. Voll, 155 Minn. 72, 192 N. W. 188. This suit was not brought to protect the police power, but rather to establish plaintiff's right to place and maintain advertisements on trunk highways in cities and villages under authority from the governing bodies of such municipalities and without a permit from the highway commissioner. The judgment denying the injunction and dismissing the action was proper.

Affirmed.