LARS L. LIND v. GREAT NORTHERN RAILWAY COMPANY.[1]

June 10, 1927.

No. 26,149.

**Insufficient width of roadway between piers under defendant's overhead bridge was not proximate cause of intestate's death.**

Under the evidence in this, an action to recover for death by wrongful act, the trial court was warranted in directing a verdict in favor of the defendant upon the ground that the negligence of defendant was not the proximate cause of the death of decedent.

Railroads, 33 Cyc. p. 1043 n. 31; p. 1129 n. 67.

Plaintiff appealed from an order of the district court for Itasca county, Stanton, J., denying his motion for a new trial. Affirmed.

*Gannon, Strizich & Farnand,* for appellant.

*A. L. Janes, J. H. Mulally, Baldwin, Baldwin, Holmes & Mayall,* for respondent.

QUINN, J.

Action to recover for death by wrongful act. The facts are not in dispute. At the close of the testimony, the trial court directed a verdict in favor of the defendant upon the ground that the alleged negligence of the defendant was not the proximate cause of decedent's injury and death. The appeal is from an order denying plaintiff's motion for a new trial.

On March 13, 1926, decedent, Alexander Lind, in company with Henry Becker, who owned and was the driver of the Buick touring automobile in question, and two other young men, were driving over state highway No. 35 from Bemidji to Chisholm. The highway passes through the village of Nashwauk in an easterly and westerly direction. It is paved to the east of Nashwauk. The accident complained of occurred at a point east of Nashwauk where the Great Northern railway track crosses the highway on an overhead trestle

[1]Reported in 214 N. W. 763.

bridge. The highway from the village of Nashwauk to the bridge is down grade. At the time in question the pavement was covered with snow and ice and deep ruts common at that time of the year throughout the locality. There were three or four rutted tracks, but as the bridge was approached from the west they merged into one. As the ill-fated car approached the bridge at a rate of speed from 30 to 35 miles per hour, the rear wheels left the rut in which they had been traveling, the driver attempted to bring the wheels back into the rut, but in so doing lost control and the front wheels swung to the left, and as the rear wheels took traction the car shot forward across the pavement and against the center pier head-on, the first pile of the center pier coming in contact with the radiator between the springs so as to crush it with such force that the car bounded backward and against the south pier so as to cave in the side of the auto back of the rear door.

The witness Batchelder was sitting in front with the driver. Mr. Lind was on the left side in the rear seat and Mr. Howell on the right. Batchelder testified that their car, immediately before and at the time it hit the center pier, was going from 30 to 35 miles per hour; that as it struck it swerved around, the rear end to the right, so that it struck the south pier and he was thrown against the windshield; that Howell was behind him and was thrown out of the car, and Lind bounded over and landed on the right-hand side where Howell had been sitting so that when the car was brought to a full stop Lind's body was on the right-hand side of the rear seat, and that he died a short time afterwards.

The negligence charged against the defendant is that the distance between the center pier and the south pier was but 13 feet, 6 inches, or 6 inches less than the statute required. Assuming that the defendant was negligent in failing to comply with the provisions of G. S. 1923, § 2546, as to the width of the passageway under the bridge, it is clear from the facts and circumstances, as disclosed by the evidence, that such delinquency on the part of the defendant was not the proximate cause of the injury.

Other witnesses corroborated the testimony of Batchelder as to the manner in which the accident occurred. Mr. Becker, owner and driver of the car, testified that they were not going more than 35 miles an hour; that there were two or three ruts going into one under the bridge; that these ruts were from three to four inches deep; that the car struck the center pier on the left side of the radiator between the two springs, throwing the back end around so that it struck the south pier over the right rear wheel with such force as to cave in that side of the car; that the wheels got out of the rut about 50 or 75 feet from the bridge; that he tried to twist it back into the road, put on the brakes, but could not do a thing; that as he applied the brakes the car skidded all the more.

A reading of the testimony satisfies us that the trial court was right in reaching the conclusion that the width of the passageway between the center pier and the south pier was not the proximate cause of the accident and decedent's death, and that it did not err in so instructing the jury.

Affirmed.