## BETTY LUNDSTROM v. ANTHONY GIACOMO AND OTHERS.[1]

June 14, 1935.

No. 30,376.

[1]Reported in 261 N. W. 465.

Victor H. Johnson, for appellant.

Clarence J. Hartley and Dennis F. Donovan, for respondent Duluth, Missabe & Northern Railway Company.

Thomas H. Strizich, Clarence H. Kleffman, and Abbott, MacPherran, Dancer, Gilbert & Doan, for respondent Village of Hibbing.

LORING, JUSTICE.

This was an action to recover for personal injuries suffered when an automobile in which plaintiff was riding collided with a pier supporting defendant railroad company's bridge over state trunk highway No. 35 in the village of Hibbing. At the close of the trial the court directed a verdict in favor of the railroad company and the village and allowed plaintiff to dismiss as to the defendant Giacomo. Plaintiff made a motion for a new trial, and from an order denying that motion she appeals.

Trunk highway No. 35 passes under the bridge in question near the western limits of the village. The bridge is supported by piers on each side of the highway. At the time of the accident, March 18, 1934, the highway itself was covered with ice and snow in which traffic had worn ruts, two on each side of the highway. As the highway approached the viaduct from each side the two inside ruts converged and, under the viaduct, merged into a rut common to traffic moving in opposite directions.

The accident occurred at about 5:30 o'clock in the morning. Plaintiff with a party of friends was returning from a tavern situated some distance west of the village of Hibbing. During the

night prior to the accident the party had visited another tavern where there had been drinking and dancing, and at about four o'clock in the morning had gone to the tavern from which they were returning at the time of the accident. Mario Collyard, the driver of the car, had borrowed Giacomo's car to take his party home. Seven persons crowded into the automobile for the trip to Hibbing, Collyard driving and plaintiff being seated in the left rear seat directly behind the driver. The car's head lamps were lighted at the time of the accident. As the car reached a point about 100 feet west of the viaduct, traveling between 35 and 40 miles per hour, the rear wheels jumped out of the rut in which they had been traveling and swung to the left. From that point to where the automobile struck the pier, it skidded along the left side of the highway. A few feet from the pier Collyard endeavored to pull the car to the right side of the pavement, but his effort was too late, and the car struck the pier on the left side of the highway. The impact occurred at a point directly behind the driver's seat. The driver and one of the other passengers were killed, and the other members of the party suffered severe injuries. It is admitted that the distance between the two piers on each side of the highway was but 21 feet 11 inches, and plaintiff for her cause of action against the railroad company relies upon a violation of 1 Mason Minn. St. 1927, § 2546, which requires underpasses to be 28 feet wide. The cause of action alleged against the village is predicated on the city's failure to maintain a public street in a reasonably safe condition.

Appellant contends that 1 Mason Minn. St. 1927, § 2542, which provides that the general highway act, of which § 2546 is a part, shall apply solely to roads not included within village limits, does not apply to § 2546, and that it was negligence for the railroad company to maintain a viaduct in the village of Hibbing with an underpass less than that required by § 2546. Without passing upon this question, it is our opinion that the failure of the railroad company to maintain a viaduct in conformity with the provisions of that section was not the proximate cause of the accident. It is quite apparent from the testimony of witnesses both of plaintiff and defendant that the car was out of control at the time it struck

the bridge pier. It had been traveling along the left side of the highway for approximately 100 feet and was skidding; the driver's effort to bring it back to the right side of the road was unavailing. It is evident that the proximate cause of the collision was the skidding of the car and not the position of the pier. Lind v. G. N. Ry. Co. 171 Minn. 486, 214 N. W. 763, is directly in point on a similar state of facts, and it would be useless further to discuss the principle of proximate cause. See also LaLonde v. Peake, 82 Minn. 124, 84 N. W. 726.

■ The general highway act has been construed by this court to relieve villages of responsibility for maintenance of highways after they have been taken over by the state highway department and have become part of the trunk system. Automatic Signal Adv. Co. v. Babcock, 166 Minn. 416, 420, 208 N. W. 132, 133. In the Babcock case it was said:

"The phrase, 'to reconstruct, improve and maintain such trunk highway,' as used in the statute [1 Mason Minn. St. 1927, § 2554, subd. 1], means to build and keep in proper condition for public traffic, not a part of such trunk highway but the whole. * * * The statute, section 2554, subdivision 4, relieves cities and villages from 'responsibilities and duties' on trunk highways within their municipality. They no longer have any authority to expend public money thereon for any purpose."

Here there was no limitation in the width of the road taken over by the highway department, and consequently the whole road or street became a trunk highway without further responsibility on the village. We find no negligence on the part of the village in merely letting the water on other streets take its natural course and accumulate to some extent on the trunk highway. There was no active casting of waters upon the trunk highway, and the photographs of the road in substantially its condition at the time of the accident quite clearly indicate that nothing that the village did had any causal connection with plaintiff's injury.

The order denying plaintiff's motion for a new trial is affirmed.

I. M. OLSEN, JUSTICE (dissenting).

I see some difference between this case and Lind v. G. N. Ry. Co. 171 Minn. 486, 214 N. W. 763. In that case the distance between the bridge piers was only six inches less than the width required by statute, and the car came head-on against the pier so that the radiator or center part of the front of the car struck the pier. Had the opening between the piers been six inches wider so as to comply with the statute the accident would have occurred just the same. The six inches more space, even if all on the side where the accident occurred, could not have prevented the accident. In the present case the width between the piers was six feet and one inch less than the statutory width, and the side of the car behind the driver's seat collided with the pier. Had the opening between the piers been of statutory width, there would have been at least three feet more room on that side of the road before the pier would have been encountered. Whether the car, in that situation, would have come in contact with the pier was a question of fact and not of law. Clearly, the railway company would be liable if the obstruction or narrowing of the roadway, in violation of the statute, was a cause of the accident.

[1]Reported in 261 N. W. 463.