**KOWALEWSKI v. CITY OF HASTINGS et al. (three cases).**

Civ. Nos. 2243–2245.

United States District Court
D. Minnesota, Third Division.

June 1, 1953.

826

Amherst Tautges and James B. Lund, Minneapolis, Minn., for plaintiffs.

Roy W. Ganfield, of Ganfield & O'Connell, Hastings, Minn., and John A. McEachron, Jr., Minneapolis, Minn., for defendant City of Hastings.

John J. Sexton, St. Paul, Minn., for defendants Okes, Palda and Okes Const. Co.

DONOVAN, District Judge.

Defendant City of Hastings has filed a motion in each of these three cases for summary judgment in its favor, in accordance with Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Subsequently plaintiffs were allowed to amend their complaints.[1] Defendant City now renews its motion claiming that the amendments are sham and frivolous and present no genuine issue of fact. The motion is based on the pleadings, affidavits and depositions on file.

On or about June 2, 1951, the three plaintiffs were involved in an accident while driving together over a state trunk highway at a point where it passes through the limits of the defendant City.[2] It appears that this particular highway is a two-lane roadway running generally north and south. On the day of the accident it was being reconstructed along the western, or southbound, lane, and all traffic, north and south bound, was routed over the eastern, or northbound, lane. The plaintiffs were proceeding north.

It is admitted by the defendant City that there were deep ruts in the shoulder abutting the eastern pavement, or the northbound lane over which all traffic was being routed. Plaintiffs claim that as a result of this routing their car was forced into the abutting ruts, got out of control and hit a tree as a result of which they claim to have sustained damages.

Defendant City contends that the Minnesota State Highway Acts have relieved municipalities from any responsibility for maintaining streets which are a part of a state trunk highway system.[3]

---

1. The three suits have been consolidated. Therefore, discussion herein is applicable to all three.

2. There is no dispute that the highway is a trunk highway taken over by the State of Minnesota some time previously pursuant to legislative authority. The accident occurred at a point between 16th and 17th Streets in the City, where the highway is known as Vermillion Street.

3. Defendant City cites the following authorities in support of its position: Section 1, Article 16, Constitution of Minnesota, M.S.A.; General Highway Act, Laws 1921, Chapter 323, as amended; Minnesota Statutes Annotated, Chapters

Plaintiffs by their amended complaints[4] attempt to come within the exception to this general rule by claiming that the City adopted an obviously defective plan of construction.[5]

There can be little doubt but that the instant accident was caused by the method and means adopted in maintaining the shoulder abutting the paved portion of the highway over which traffic was being routed. Plaintiffs claim that routing was part of a defective plan which the City adopted and which the City knew or must have known was inherently dangerous. Therefore, plaintiffs contend the City is liable for any resulting damage.

Plaintiffs in their arguments refer especially to a cooperative agreement between the City of Hastings and the Commissioner of Highways, and a section from alleged special provisions referred to in the cooperative agreement which provides that the pavement on one side of the highway shall be open to traffic until the concrete base on the other side has been constructed and can carry traffic.

While it is not clear whether this cooperative agreement was ever approved by the City Council of Hastings (defendant City contends it was not), it does not appear as a matter of law or fact that there was any patent defect in these special provisions or that such defect, if any, was so obviously and palpably dangerous that no reasonably prudent person would adopt the same.[6]

■ The Court has considered the arguments of counsel, has examined the affidavits and depositions on file, and can find nothing to substantiate plaintiffs' contentions.

■ For the reasons above stated, therefore, the Court is of the opinion that there is no genuine issue of fact to be determined in this case. While it is true that trial courts should exercise great care in granting motions for summary judgment and that a litigant has a right to a trial where there is the slightest doubt as to the facts,[7] an amended pleading which is sham may not be used to prevent summary judgment.[8] If the motion for summary judgment is to

160 to 169 inclusive; Automatic Signal Advertising Co. v. Babcock, 166 Minn. 416, 208 N.W. 132; Lundstrom v. Giacomo, 194 Minn. 624, 261 N.W. 465.

4. The amended portion reads as follows: "Plaintiff further alleges that sometime in the fall of 1950, defendant City of Hastings approved a plan of construction and improvement submitted to it by the State of Minnesota, and that said plan contemplated certain changes in the place of the accident which is referred to in the complaint; that said plan and the specifications therefor were so wholly improper, defective and dangerous and were obviously. so, so that no reasonably prudent person would adopt the same and that under all the circumstances the defendant City of Hastings approved of said plan, and the construction and method of operations to be performed thereunder, and the routing of traffic thereunder was negligent and as a direct and proximate result of said negligence of the City of Hastings plaintiffs suffered and sustained the accident and injuries detailed in the complaint."

5. Clearly, plaintiffs attempt to come within the decision of Paul v. Faricy, 228 Minn. 264, 37 N.W.2d 427. That was an

action to recover damages for injuries resulting from a collision of a car with one of the pedestrian safety islands on University Avenue in St. Paul, a state trunk highway, on which the minor plaintiff was standing near the bumper block which tipped over upon him when the car driven by the defendant Faricy hit it. The City of St. Paul was held to be liable for the damages. *Liability, however, was based on the fact that the City of St. Paul had prepared the plans* for the safety islands which were adopted by the Commissioner of Highways, and officially approved by the St. Paul City Council as provided by law.

6. Paul v. Faricy, supra.

7. J. Frank, in Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F.2d 130, 135.

8. 3 Moore's Federal Practice, page 3182, wherein the author states:
"If during the pendency of a motion for summary judgment, the adverse party amends his pleading, the amendment should not be allowed to defeat the pending motion, unless the amendment is substantial and real and not a mere change in form."

serve any useful purpose, the Court must unhesitatingly grant it when a careful consideration of the facts reveals no genuine issue of fact involved.[9]

This is a proper case for summary judgment. The Court is of the opinion that the allegations added to the complaints are sham and frivolous and that by their amended complaints the plaintiffs have not alleged a cause of action against the City of Hastings. The motion of the defendant City for summary judgment is granted. It is so ordered.

Plaintiffs are allowed an exception.

---

9. Carlander v. Dubuque Fire & Marine Ins. Co., D.C.Ark., 87 F.Supp. 65, 69.