Roy B. THOMPSON, Jr., Executor of the Will of Roy B. Thompson, deceased, Appellant,

v.

Earl R. WISEMAN, District Director of Internal Revenue, Appellee.

No. 5265.

United States Court of Appeals
Tenth Circuit.

May 5, 1956.

Marvin T. Johnson, Tulsa, Okl., for appellant.

Grant W. Wiprud, Washington, D. C. (Charles K. Rice, Acting Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Charles B. E. Freeman, Attys. Dept. of Justice, and B. Hayden Crawford, U. S. Atty., Tulsa, Okl., on the brief), for appellee.

Before HUXMAN and PICKETT, Circuit Judges, and HILL, District Judge.

HUXMAN, Circuit Judge.

This suit was instituted to recover an alleged overpayment of federal estate taxes paid in settling the estate of Roy B. Thompson, who died on July 6, 1951, a resident of Oklahoma. The only question for our determination concerns the calculation of the marital deduction under Section 812(e) of the Internal Revenue Code of 1939, as amended 26 U.S. C.A. § 812(e), for a bequest to his surviving spouse.

The deceased died testate owning property in Texas, New Mexico and Oklahoma. The first provision in the will provided:

"It is my will and desire that all of my just debts and funeral expenses be paid out of my estate as soon after my demise as conveniently may be done."

In paragraph 2 what was apparently all of his New Mexico and Texas property was described and devised specifically to the wife, if she survived. The executors were directed to pay any mortgage indebtedness on the New Mexico ranch so that it might be distributed "free of debt." Thereafter the instrument set up a trust for the benefit of the testator's four sons of "All the rest, residue and remainder of my property, real, personal and mixed of which I may die seized, wheresoever situated." The will was executed at Tulsa, Oklahoma, on January 14, 1949. On February 8, 1949, at the same place a codicil to the will was executed. This codicil made the following addition to the will.

"Whereas, under paragraphs numbered 2 and 3 of my said will, I made certain gifts to my wife, Emma R. Thompson, and in addition to such gifts contained therein, I hereby give, devise and bequeath to my said wife, Emma R. Thompson, an undivided one-third (⅓) interest in all of the rest, residue and remainder of my property, real or personal, of which I may die seized, wheresoever situated, and this paragraph of my will shall be in addition to my original will, as if inserted therein as paragraph numbered 3–A."

There is no dispute but that the gifts to the wife, both under the original will and by virtue of this codicil, qualify for the marital deduction. In preparing the federal estate tax return, however, the value of the gift under the codicil was figured by the executor by subtracting the specific bequests from the total gross estate, and then taking one-third of that figure without first deducting the debts and state and federal taxes paid or payable. It is the executor's contention that the devise to the wife contained in the codicil, under applicable state law, was free of such debts and taxes and should be calculated without reference thereto. The Commissioner in reviewing the return deducted the debts and taxes from the value of the residuary estate before evaluating the bequest to the widow. This method of computation imposed an additional federal estate tax burden in the amount of $16,421.73, which the estate has paid and now seeks to recover.[1]

1. The provision of the 1939 Code allowing the marital deduction is Section 812 (e), which in pertinent part states:

"(1) Allowance of marital deduction

"(A) In general. An amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

\* \* \* \* \*

"(E) Valuation of interest passing to surviving spouse. In determining for the purposes of subparagraph (A) the value of any interest in property passing to the surviving spouse for which a deduction is allowed by this subsection \* \* \*

"(i) there shall be taken into account the effect which a tax imposed by this chapter, or any estate, succession, legacy, or inheritance tax, has upon the net value to the surviving spouse of such interest; and

"(ii) where such interest or property is incumbered in any manner, or where the surviving spouse incurs any obligation imposed by the decedent with respect to the passing of such interest, such incumbrance or obligation shall be taken into account in the same manner as if the amount of a gift to such spouse of such interest were being determined."

Treas.Reg. 105, § 81.47c(c):

"(c) Effect of death taxes. Section 812(e) (1) (E) provides that in the determination of the value of any property interest which passed from the decedent to his surviving spouse, there shall be taken into account the effect which the Federal estate tax, or any estate, succession, legacy, or inheritance tax, has upon the net value to the surviving spouse of such property interest.

\* \* \* \* \*

"If the decedent bequeaths his residuary estate, or a portion thereof, to his surviving spouse, and his will contains a direction that all death taxes shall be payable out of such residuary estate, the value of the bequest, for the purpose of the marital deduction, is based

■ From a consideration of the statutory provision and the regulation set out in footnote 1, it appears that the deduction is based upon the *net value* of the bequest to the wife. The net value of such interest is affected by the liability of the bequest for the payment of debts, state inheritance or estate taxes and the federal estate tax. It has long been held that the ultimate impact of the federal estate tax is determined by state law.[2] And this would be true as to ordinary debts and state inheritance or estate taxes. In the instant case it is admitted that the law of Oklahoma governs; the deceased was a domiciliary of Oklahoma, the will was executed there, and all of the property not covered by specific devises was apparently in Oklahoma.[3]

■ Okla.Stat.Ann. tit. 84, § 3, set out in footnote 3, gives the testator the right to designate in his will the property which shall bear the burden of debts, including taxes and costs of administration. We find no specific direction in the will under consideration for the payment of such charges. The only reference thereto is in paragraph 1, in which the testator states, "It is my will and desire that all of my just debts and funeral expenses be paid out of my estate as soon after my demise as conveniently may be done." We think a reasonable interpretation of the will is that the direction to pay debts made no designation of a source among the bequests from which such charges should be paid. This was the interpretation the Supreme Court of Rhode Island placed upon an almost identical provision of a will.[4]

■ Since the will did not designate the specific source from which taxes, debts and expenses of administration were to be paid, we must look to the Oklahoma statute for the answer. Since all of the property of the estate was disposed of by the will, the third classification of the statute, namely, "Property which is devised or bequeathed to a residuary legatee" controls. It thus seems clear that the residuary estate bears the burden of all debts, including taxes and costs of administration. If the widow is a residuary legatee and, as such, shares in the residuary estate, the determination by the Commissioner is correct.

■■ There is no doubt that paragraph 5 of the original will was a residuary grant and that the four sons were

---

upon the amount of the residue as reduced pursuant to such direction. If the residuary estate, or a portion thereof, is bequeathed to the surviving spouse, and by the local law the Federal estate tax is payable out of the residuary estate, the value of the bequest, for the purpose of the marital deduction, may not exceed the amount thereof as reduced by the Federal estate tax."

2. Riggs v. Del Drago, 317 U.S. 95, 63 S. Ct. 109, 87 L.Ed. 106.

3. Okla.Stat.Ann. tit. 84, § 3, establishes the order of resort to property for payment of debts, expenses and allowances:
   "The property of a testator, except as otherwise especially provided in this code and in the chapter on civil procedure must be resorted to for the payment of debts in the following order.
   "1. The property which is expressly appropriated by the will for the payment of the debts.

"2. Property not disposed of by the will.
"3. Property which is devised or bequeathed to a residuary legatee.
"4. Property which is not specifically devised or bequeathed, and,
"5. All other property ratably. Before any debts are paid, the expenses of the administration and the allowance to the family must be paid or provided for."

"Debts" and "administrative expenses" in such statutes are usually considered to include taxes. See Mayer v. Reinecke, 7 Cir., 1942, 130 F.2d 350; First Nat. Bank v. Hart, 1943, 383 Ill. 489, 50 N.E. 2d 461, 464; Cf. In re Uihlein's Will, 1953, 264 Wis. 362, 59 N.W.2d 641, 648, 38 A.L.R.2d 961. Nothing found in the decisions indicates the Oklahoma courts would hold otherwise.

4. See In re Martin, 1903, 25 R.I. 1, 54 A. 589, 594.

the residuary legatees thereunder. The codicil, executed within a month after the original will, gave to the wife in addition to the specific grants, "an undivided one-third (⅓) interest in all of the rest, residue and remainder of my property, real or personal, of which I may die seized, wheresoever situated." This in our opinion constituted a grant to her of a share of the remainder and makes her a residuary legatee under paragraph 5 of the will. The fact that the devise was contained in a codicil is immaterial. The legal effect is the same as though the original will had been rewritten and the language of the codicil had been incorporated in original paragraph 5. Okla.Stat.Ann. tit. 84, § 154, specifically declares that several instruments constituting the testamentary disposition are to be construed as one. The closest case factually to the one at bar is In re Moorehouse's Estate, 1944, 64 Cal.App.2d 210, 148 P.2d 385. There in the original will the testator bequeathed the residuary estate in equal parts to two grandsons. Thereafter by codicil he gave a granddaughter a one-third share of the "residue." The court held that the grant by codicil was in addition to specific grants to the granddaughter and merely gave her one-third of the residuary grant which had previously been given to the two grandsons.

Appellant's contention that we should not so construe the codicil grant is based upon two arguments. First, it is asserted that the specific grants to the wife of the New Mexico and Texas property disposed of all the testator's property outside of Oklahoma and that, therefore, the codicil was in effect a grant to the wife of one-third of all the testator's property in Oklahoma. It is argued that we should construe the instant bequest as if it referred only to the Oklahoma property, and that so construed the codicil is a nonresidual grant. The codicil gave her an undivided one-third interest in all property which he owned at the time of his death and which had not been otherwise disposed of. The fact that at the time of his death he had no undisposed of property other than Oklahoma property did not in our opinion change the nature of the grant.

Appellant's primary argument in support of its contention that the wife's gift under the codicil was to be calculated prior to reduction is based upon the equitable consideration that the grant to her added nothing to the federal tax burden and hence should be calculated free of that burden. A number of cases are cited in support of the contention. Even if we were influenced by the equitable considerations as to the federal tax burden not being increased by giving her this advantage, we find nothing in the will which would support the conclusion that the testator intended the burden of the federal tax to fall only upon the trust for his sons and to be borne entirely by their share of the residue.

Virtually all of the cases cited by appellant are cases in which the wife renounced the will and took her statutory share under the law, thus presenting a problem different from whether a residuary devise to the wife under the will should share the debt and tax burden. Furthermore, all but two of the cases holding that the wife takes free of federal estate taxes and that her share is calculated prior to reduction by federal taxes were under statutes specifically providing for an "equitable prorationing" of the burden among the beneficiaries of the estate.[5] Under such laws the rationale for the holding has been that since the wife's share did not add any taxes an equitable prorationing of the taxes would leave her interest free of such taxes. In Lincoln Bank & Trust Co. v. Huber, Ky.1951, 240 S.W.2d 89, the court relied upon a long established judicially evolved equitable proration

5. In re Buckhantz' Estate, 1953, 120 Cal. App.2d 92, 260 P.2d 794; In re Fuch's Estate, Fla., 60 So.2d 536; In re Wolf's Estate, 307 N.Y. 280, 121 N.E.2d 224; Cf. In re Wahr's Estate, 370 Pa. 382, 88 A.2d 417.

rule. The other case, Miller v. Hammond, 1952, 156 Ohio St. 475, 104 N.E. 2d 9, has since been overruled by the Supreme Court of Ohio in Campbell v. Lloyd, 1954, 162 Ohio St. 203, 122 N.E. 2d 695. In all of the cases, except those discussed above, where there was no equitable apportionment statute it was held that the wife's share is calculated after deduction of federal estate taxes, even though she took against the will. In Weinberg v. Safe Deposit & Trust Co., 198 Md. 539, 85 A.2d 50, 53, 54, 37 A.L.R.2d 188, the Maryland Court said:

"Appellant contends, with much force, that such a result is entirely inequitable, and that we should not so construe the statutes. * * *

"However this may be, we cannot substitute considerations of fairness and equity for definite legislative directions on matters entirely within legislative control."[6]

The gift under the codicil to the wife was out of the residue. There is nothing in the Oklahoma law or in the decisions of its courts to which our attention has been called which would treat gifts of the residue to the wife any differently from gifts to others. In this situation the decisions in Harrison v. Northern Trust Co., 317 U.S. 476, 63 S.Ct. 361, 87 L.Ed. 407, and Rogan v. Taylor, 9 Cir., 136 F.2d 598, seem conclusive. In both cases were involved gifts to charity out of the residuary grant. There, as here, it was argued that since charitable bequests added nothing to the federal estate tax the amount of such bequests should be calculated without first deducting taxes. This argument was rejected because the courts found no basis in the will or in state law for calculating the bequests differently from other similar bequests to individuals.

Affirmed.

6. To the same effect see Wachovia Bank & Trust Co. v. Green, 236 N.C. 654, 73 S.E. 2d 879; In re Uihlein's Will, 264 Wis. 362, 59 N.W.2d 641, 38 A.L.R.2d 961; Northern Trust Co. v. Wilson, 344 Ill. App. 508, 101 N.E.2d 604.