**UNITED STATES of America,
Appellant,**

v.

**Curtis C. GOODSON, Executor of the
Estate of Louis W. Hill, Appellee
(two cases).**

**Nos. 15883, 15895.**

United States Court of Appeals
Eighth Circuit.

April 18, 1958.

James P. Turner, Atty., Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson and Robert N. Anderson, Atty., Dept. of Justice, Washington, D. C., George E. MacKinnon, U. S. Atty., and Hyman Segell, Asst. U. S. Atty., St. Paul, Minn., were with him on the brief) for appellant.

Irving Clark, St. Paul, Minn. (Francis D. Butler and Doherty, Rumble & Butler, St. Paul, Minn., were with him on the brief) for appellee.

Before GARDNER, Chief Judge, and JOHNSEN and VAN OOSTERHOUT, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal [1] by the United States from judgment of the District Court (memorandum opinion reported 151 F. Supp. 416) in favor of the plaintiff executor for the refund of $200,837.73 estate tax alleged to have been erroneously assessed. Plaintiff had paid the tax and had filed timely claim for refund which was rejected.[2] Jurisdiction is established.

Plaintiff is the executor of the estate of Louis W. Hill who at the time of his death on April 27, 1948, was a resident of Minnesota. Mr. Hill's will, which included four codicils, bequeathed certain household items to his children and left the residuary estate to the Louis W. and Maud Hill Family Foundation, a recognized charity.

Testator, his wife, and four children held title to testator's homestead in joint tenancy. Prior to the execution of the will, testator had created a trust called North Oaks Farm and Bond Trust, an inter vivos trust, for the benefit of the grantor and his children, with a reserved power in conjunction with the trust beneficiaries to distribute the trust property to the beneficiaries. It is conceded that the value of the homestead and the trust is properly includible in the testator's gross estate for estate tax purposes. The trial court stated the issue involved in this litigation as follows:

"The primary question which must be decided is whether the joint tenants and trust beneficiaries were legally obligated to pay the share of the estate tax attributable to the joint tenancy and trust property. If they were so obligated, the tax was not payable out of the residue, and the estate was entitled to a deduction for the entire amount of the bequest to charity and not for the amount of that bequest reduced by the estate tax as the Commissioner determined."

The trial court determined that the surviving joint tenants and the trust beneficiaries were legally obligated to pay the share of the estate tax attributable to the joint tenancy and trust property. If the court is correct in this determination, the judgment should be affirmed. On the other hand, if the Commissioner has established that all the estate tax must be paid by the residuary estate, no tax was illegally collected.

Upon the basis of his determination that all estate tax was to be borne by

---

1. Defendant appealed from the court's memorandum order dated May 4, 1957, and again from final judgment filed September 16, 1957. These appeals were consolidated by stipulation. Actually the only appeal here involved is the appeal from final judgment, and we treat the appeals as a single appeal from final judgment.

2. That part of the tax deficiency assessed based upon charging the residuary estate with the estate tax based upon the value of bequests of personal property by the testator to his children was refunded, and such portion of the tax is not involved in this appeal.

the residuary estate, the Commissioner reduced the charitable deduction by the amount of the estate tax. Section 812(d) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 812(d), authorizing charitable deductions provides in part:

" * * * If the tax imposed by section 810, or any estate, succession, legacy, or inheritance taxes, are, either by the terms of the will, by the law of the jurisdiction under which the estate is administered, or by the law of the jurisdiction imposing the particular tax, payable in whole or in part out of the bequests, legacies, or devises otherwise deductible under this paragraph, then the amount deductible under this paragraph shall be the amount of such bequests, legacies, or devises reduced by the amount of such taxes. * * "

See also Section 81.44, Treasury Regulations 105. The validity of the above quoted limitation upon charitable deductions is upheld in Harrison v. Northern Trust Co., 317 U.S. 476, 63 S.Ct. 361, 87 L.Ed. 407.

■ It is undisputed that the residue of the estate goes to a recognized charitable foundation. The charitable deduction must be reduced by the amount of estate tax that is legally chargeable to the residuary estate by the terms of the will or by virtue of Minnesota law. The law which controls the ultimate placing of the estate tax burden is the law of the State in which the estate is being administered. Riggs v. Del Drago, 317 U.S. 95, 63 S.Ct. 109, 87 L.Ed. 106; Rogan v. Taylor, 9 Cir., 136 F.2d 598.

In the Del Drago case the constitutionality of a New York statute, which provided that, unless otherwise directed by decedent's will, the burden of the estate taxes should be proportionately spread among the beneficiaries of the estate, was under attack. The Government urged that the New York statute was in conflict with federal estate tax law. The Court rejected this contention, saying (317 U.S. at pages 97–101, 63 S. Ct. at page 110):

"We are of opinion that Congress intended that the federal estate tax should be paid out of the estate as a whole and that the applicable state law as to the devolution of property at death should govern the distribution of the remainder and the ultimate impact of the federal tax * *.

* * * * * *

" * * * Section 826(b) does not command that the tax is a non-transferable charge on the residuary estate; to read the phrase 'the tax shall be paid out of the estate' as meaning 'the tax shall be paid out of the residuary estate' is to distort the plain language of the section and to create an obvious fallacy. For in some estates there may be no residue or else one too small to satisfy the tax; resort must then be had to state law to determine whether personalty or realty, or general, demonstrative or special legacies abate first. In short, § 826(b), especially when cast in the background of Congressional intent discussed before, simply provides that, if the tax must be collected after distribution, the final impact of the tax shall be the same as though it had first been taken out of the estate before distribution, thus leaving to state law the determination of where that final impact shall be."

■ Since the testator was at all times here material a resident of Minnesota and probate proceedings were pending in that State, it is clear that the ultimate responsibility for the payment of the federal estate tax attributable to the joint tenancy and trust property must be determined upon the basis of Minnesota law.

Since the decision in the Del Drago case, many States have enacted apportionment statutes. See Annotation, 37 A.L.R.2d 199. Some States, without the aid of an apportionment statute, have adopted the view that federal estate taxes should be equitably apportioned unless the will provides otherwise. 37 A.L.R.2d 169, 171. However, the majority view is

that the burden of federal estate tax ultimately falls on the residuary estate unless the will or a statute provides otherwise. 37 A.L.R.2d 176. Many of the States following the majority rule adopted the rule before the decision in the Del Drago case in 1942, at a time when there was uncertainty as to whether the federal estate tax statutes placed the ultimate burden on the residuary estate and at a time when federal estate taxes were less substantial than at present. Our duty in the case now before us is to determine the applicable Minnesota rule, and we are not required to weigh the merits of the conflicting views reflected in the numerous court opinions, many of which are cited in the foregoing A.L.R. Notes.

■■ Minnesota has adopted the majority rule. Gelin v. Gelin, 229 Minn. 516, 40 N.W.2d 342; First National Bank of Miami v. First Trust Co. of St. Paul, 242 Minn. 226, 64 N.W.2d 524. The majority rule, the minority rule, and the rule applied under apportionment statutes all recognize the right of the testator to specify where the burden of federal estate tax shall fall. Resort to the presumed intent of the testator is required only in situations where the testator has failed to speak with sufficient clarity upon the subject. In Young Men's Christian Ass'n v. Davis, 264 U.S. 47, 51, 44 S.Ct. 291, 292, 68 L.Ed. 558, the Court states:

> "It was wholly within the power of the testatrix to exempt her altruistic gifts from payment of the tax by specific direction to her executor if she chose. It must be presumed, when she failed to exercise the power, that she intended the incidence of the tax to be where otherwise by law it must be and therefore, that it was her purpose that her residuary legatees were to receive all that was left after paying all charges, including this tax, out of her estate. * * * "

The Gelin and the First National Bank of Miami cases, supra, are relied upon by both parties to this appeal. In the First National Bank of Miami case, a Florida executor of decedent, who was residing in Florida at the time of his death, sought reimbursement of federal estate tax upon the proportionate value of a Minnesota trust created some years before while the decedent resided in Minnesota. The value of the trust was included in decedent's gross estate. The relief was denied. The court found that there was no direction on the part of the testator as to the assets out of which the estate tax should be paid. The court thus states the applicable Minnesota rule (64 N.W.2d at page 527):

> "1. It is clear that, if Minnesota law is to apply as to the federal estate tax, the burden thereof must fall upon the residue of decedent's estate in the Florida probate proceedings rather than upon property transferred under the trust created October 23, 1936, *unless decedent's specific direction to the contrary can be established.* In re Estate of Gelin, 229 Minn. 516, 40 N.W.2d 342." (Emphasis supplied.)

In both of the cited Minnesota cases the Minnesota court took pains to find and point out that the testator had made no specific directions as to what property should bear the ultimate estate tax burden.

■ The trial court inferred from the Minnesota court's language in the cited cases that the result would have been different if the testator had provided in his will for the apportionment of the estate tax burden. This court has frequently stated that it will accept the trial court's determination of doubtful questions of local law when his views are not demonstrably wrong. Luther v. Maple, 8 Cir., 250 F.2d 916, 922. We are unable to say that the trial court misinterpreted the applicable Minnesota law when he concluded that a testator could by express testamentary direction place the estate tax burden upon such of the taxable estate as he might designate. This leads us to the important question of whether the testator by his will expressed an intent as to where the ultimate burden of the estate tax should fall.

The testator in his Third Codicil provided:

"Heretofore I have made certain intervivos transfers of property to my children and others and it is my desire that any and all estate taxes, inheritance taxes, gift taxes, or other transfer taxes which may be due at the time of my death or which may accrue by reason of my death on account of any such transfers, whether heretofore or hereafter made, shall be paid out of the property so transferred and shall not be paid out of the property passing under my will; provided, however, that the taxes on the transfer of the personal property to my children provided for in said Second Codicil shall be paid out of such property or by the recipients thereof."

The Government contends that the testator by using the word "desire" in the codicil did not manifest an intent to place a legal obligation upon the beneficiaries of the trust and the joint tenancy property to pay their pro rata share of the estate tax. The trial court rejected this contention, stating:

" * * * The word 'desire', however, does not necessarily show a precatory intention. In re Estate of Hasey, 192 Minn. 582, 257 N.W. 498. The word 'shall' (which indicates some authority or compulsion on the speaker's part) rather than 'will' (which would have denoted futurity only) was used in connection with 'desire' and this indicates a command rather than a mere wish. * * * "

In 57 Am.Jur. 771, it is stated:

"Precatory words, that is, words whose ordinary significance imports entreaty, recommendation, or expectation rather than any mandatory direction, such as, 'desire,' 'request,' 'beg,' 'wish,' etc., are, when used in a will, to be construed in accordance with the testator's intention * * ."

■ In Minnesota, as elsewhere, the principal function of the court in construing wills is to ascertain the testator's intention. In Northwestern National Bank & Trust Co. of Minneapolis v. Pirich, 215 Minn. 313, 9 N.W.2d 773, 777, it is said:

"The cardinal rule of construction to which all others must yield is that the intention of the testator as expressed in the language used in the will shall prevail if it is not inconsistent with the rules of law. * * *

" 'The present tendency in this country is against absolute rules of construction, and in favor of a careful consideration of the particular language of each will, as well as of its general scope and purpose, in order to determine, in view of the circumstances known to the testator when the will was made, his intention as expressed in it.' "

Many interesting cases dealing with problems which have confronted the courts in ascertaining and giving effect to the testator's intention as to the ultimate burden of estate tax are collected in Annotation, 37 A.L.R.2d 7. At page 33 the annotator states, "The principal rule of construction, or the primary purpose of construction, in connection with tax clauses as well as other parts of a will, is to ascertain and give effect to the intention of the testator."

■ A careful reading of the codicil, together with the will, convinces us that the testator was aware of the fact that estate taxes would likely be imposed as a result of the inter vivos transfers involved in the present litigation, and that he clearly expressed his intention that the burden of the estate tax incurred by reason of such transfers should not be thrust upon his residuary estate, but instead should be borne by the recipients of the inter vivos transfers. In any event, the Government has failed to demonstrate that the trial court did not reach a permissible conclusion on the construction issue upon the basis of Minnesota law.

■ The Government contends that the testator is without power to levy a charge for the estate taxes upon nontesta-

mentary property. It is, of course, ordinarily true that once a party has disposed of his property without reservation he can subsequently exercise no control over such property. It is established that at the time of the transfers no condition was attached requiring the beneficiaries to pay estate taxes. As construed by the trial court, the testator's will manifested his intention that the residuary estate would not be burdened with the estate tax attributable to the inter vivos transfers. We have previously stated that the majority and minority rules and the apportionment statutes deal with the intent to be attributed to the testator where he fails to manifest his intent on the question of the ultimate burden of the estate tax. Where the testator has adequately spoken, there is no occasion to resort to presumptions to ascertain his intent. In practical effect, the testator did not by his will impose any tax burden upon the inter vivos transfers. He merely manifested his intention that his testamentary estate should not assume any tax burden occasioned by such transfers. This he had a right to do. The Government had a lien upon all of the gross estate, including testamentary and nontestamentary property, for its tax. However, the tax and the lien therefor were created and imposed by the Government by statute and not by the testator's will.

In Fernandez v. Wiener, 326 U.S. 340, 66 S.Ct. 178, 90 L.Ed. 116, the Court approved an estate tax based upon community property and insurance. The Court discusses quite fully the broad sweep of the power of Congress to impose death taxes upon nontestamentary property. Upon the issue of the ultimate burden of the estate tax imposed, the Court states (326 U.S. at pages 345–346, 66 S.Ct. at page 181):

"The revenue laws make no provision for the distribution of the burden of the tax beyond providing that the tax shall be a lien on all of the property included in the decedent's gross estate. Section 827(a) I.R.C., 26 U.S.C. § 827(a) * * *. See Detroit Bank v. United States,

317 U.S. 329, 331–333, 63 S.Ct. 297, 298, 299, 87 L.Ed. 304. Section 826 (b) of the I.R.C. * * * contemplates that the tax 'be paid out of the [taxable] estate before its distribution,' unless otherwise directed by decedent's will. Although the share of the surviving spouse is subject to the lien and the tax must be paid out of the estate as a whole, the federal statute leaves it to the states to determine how the tax burden shall be distributed among those who share in the taxed estate. See Riggs v. Del Drago, 317 U.S. 95, 63 S.Ct. 109, 87 L.Ed. 106."

See also Annotation on Burden of estate or succession tax in respect of inter vivos gift or trust, 115 A.L.R. 916, 15 A.L.R. 2d 1216.

Where the Government by its tax statutes has a constitutional right to tax as part of the gross estate certain property not passing by will, it does not seem unreasonable to permit the testator to provide by his will that the pro rata share of the tax, imposed by reason of the inclusion of such nontestamentary property in the gross estate subject to tax, shall be borne by the beneficiaries of the nontestamentary gifts.

The trial court's interpretation of the applicable Minnesota law is:

"* * * In view of these Minnesota dicta and the reasonableness of such a rule it must be concluded that under the law of Minnesota as it is or is likely to be the testator had the legal power to impose a share of the estate tax on the joint tenancy and trust property."

Since we have, for reasons heretofore pointed out, determined that the estate tax created by the inclusion of the joint tenancy and trust property in the gross estate subject to the estate tax is a lien by virtue of federal law upon such property, and since we have determined that the testator has expressed his clear intention that the tax occasioned by the inclusion of the nontestamentary transfers in the gross estate should be borne

by the beneficiaries of such property, we can not say that the trial court in the foregoing statement did not reach a permissible conclusion upon the basis of applicable Minnesota law.

We are not here primarily concerned with the enforceability of the executor's right to secure reimbursement of the estate tax attributable to the beneficiaries of the inter vivos gifts.[3] The obligation to pay the estate tax must be determined upon the basis of the terms of the will and the applicable law. However, quite a number of States not having apportionment statutes have held that a right to reimbursement of taxes paid by the executor can be enforced against persons legally liable to contribute to the payment of such taxes under the doctrine of equitable contribution. Industrial Trust Co. v. Budlong, 77 R.I. 428, 76 A.2d 600; Pearcy v. Citizens Bank & Trust Co., 121 Ind.App. 136, 96 N.E.2d 918, 98 N.E.2d 231; McDougall v. Central Nat. Bank, 157 Ohio St. 45, 104 N.E.2d 441; Trimble v. Hatcher's Executors, 295 Ky. 178, 173 S.W.2d 985; Regents of University System of Georgia v. Trust Co. of Georgia, 194 Ga. 255, 21 S.E.2d 691; In re Mellon's Estate, 347 Pa. 520, 32 A.2d 749.

In Wilmington Trust Co. v. Copeland, 33 Del.Ch. 399, 94 A.2d 703, 708, although Delaware had an apportionment statute which was enacted after the decedent's death, the court held that the statute merely incorporated the common law rule. The court states:

"What is this rule of law embodied in the statute? Clearly, it is nothing more than the doctrine of equitable contribution—itself but an application of the ancient maxim 'equality is equity'. See Pomeroy's Equity (5th Ed.), Secs. 405–412. That this doctrine is a part of the law of Delaware admits of no doubt."

Although the doctrine of equitable contribution has not been applied by the Minnesota court under circumstances such as are here present, the doctrine of equitable contribution is recognized and followed in Minnesota. Merrimac Mining Co. v. Gross, 216 Minn. 244, 12 N.W.2d 506.

We are satisfied that the trial court reached a permissible conclusion on the basis of Minnesota law in his determination that the beneficiaries of the joint tenancy and trust property were obligated to pay the proportionate share of the federal estate tax occasioned by the inclusion of such property in the gross taxable estate. In this situation we find no error in the trial court's holding that the tax upon the nontestamentary property was not chargeable to the residuary estate, and hence not deductible from the residuary devise to the charitable foundation.

Affirmed.

---

3. The children of Louis Hill have set up an estate tax trust and have turned over to such trust sufficient funds to cover any estate tax which might be due from them because of the inclusion in the gross estate of the nontestamentary property belonging to them. They deny any obligation to pay the federal tax arising out of the creation of the farm trust or the joint tenancy. They authorize the trustee to satisfy any judgment that may be entered against them or the trust arising out of estate tax liability or to pay the tax upon written direction of all of them. The beneficiaries of the estate tax trust have received certificates of beneficial interest in the estate tax trust. Each beneficiary has agreed in writing to transfer to the Louis W. and Maud Hill Foundation his interest in the estate tax trust.