Estate of Grace Mouat by Malcolm P. Mouat as executor v. Commissioner.
Estate of Mouat v. Commissioner
Docket No. 3156-62.
United States Tax Court
T.C. Memo 1964-282; 1964 Tax Ct. Memo LEXIS 57; 23 T.C.M. (CCH) 1717; T.C.M. (RIA) 64282; October 27, 1964
Malcolm P. Mouat (executor), for the petitioner. Rex A. Guest, for the respondent. FAY
Memorandum Opinion FAY, Judge: The Commissioner determined a deficiency of $10,461.16 in estate tax. The only issue for decision [1] is whether a fractional residuary educational bequest should be computed without regard to the Federal estate tax. All of the facts have been stipulated and are so found. Those necessary to an understanding of our inquiry are recited below. Grace Mouat (hereinafter referred to as decedent) died testate on December 1, 1958. The decedent was a resident of Janesville, Wisconsin, at the time of her death. Malcolm P. Mouat is the duly qualified executor of the decedent's estate. The Federal estate tax return of decedent was filed with the district director of internal revenue at Milwaukee, Wisconsin. Decedent left a will dated August 7, 1939, and a codicil relating thereto dated March 17, 1954. The will together with the codicil was duly proved and admitted to probate on January 8, 1959, in the County Court of Rock County, Wisconsin. The pertinent parts *59 of the will are as follows: FIRST: I will and direct that all my just debts, funeral expenses and expenses of administration be paid. * * *
FIFTH: I give and bequeath to my nephew, Malcolm P. Mouat, of Janesville, Wisconsin (hereinafter called Trustee) in trust for the uses and purposes herein set forth, all the rest, residue and remainder of my estate of which I die seized (hereinafter referred to as trust estate), with all the duties and powers and subject to the terms, conditions and restrictions herein set forth. (a) The trustee shall pay over to my sister, Mary Mouat, all of the net income derived from the trust estate so long as she shall live, such payments to be made at convenient intervals, at least quarterly. (b) Upon the death of my sister, Mary Mouat, all of said trust estate shall be divided and segregated by the trustee into four (4) separate funds of the proportion of the whole in value as nearly as may be ascertained by the trustees as designated as follows: * * *
(2) Three-twelfths (3/12) thereof shall be retained by the trustee and be known as the "Thomas H. Mouat Trust Fund". The Trustee shall pay over all of the net income of this trust fund *60 to my brother, Thomas H. Mouat, as long as he shall live. Upon his death, the Thomas H. Mouat Trust Fund and any undistributed income pertaining thereto shall be distributed by the trustee as follows: One Thousand Dollars ($1,000.00) to the Board of Trustees of Ripon College of Ripon, Wisconsin. The remainder shall be distributed as follows: Four-fifths (4/5) thereof to the Board of Trustees of Beloit College of Beloit, Wisconsin; One-fifth (1/5) thereof to the Board of Trustees of Northland College, Ashland, Wisconsin. The pertinent parts of the codicil are as follows: FIRST: I do hereby revoke clause "SECOND" [not material herein] of my said will in view of the death of my sister, Mary Mouat, * * * SECOND: I do hereby revoke subparagraph (2) of clause "FIFTH" of my said will reading "(2) Three-Twelfths (3/12) thereof shall be retained by the trustee and be known as the "Thomas H. Mouat Trust Fund" etc. and I do will and direct and substitute in lieu thereof the following clause: "(2) Three-twelfths (3/12) thereof shall be paid over and distributed by the trustee to the Board of Trustees of Beloit College of Beloit, Wisconsin." At all times material hereto, Beloit *61 College has met the requirements of a qualified educational institution within the meaning of section 2055 of the Internal Revenue Code of 1954. [2]
The value of the decedent's gross estate was $397,492.05. The total allowable deductions to the estate, without taking into consideration the bequest to the Board of Trustees of Beloit College, amounted to $13,104.21. The value of decedent's residuary estate before provision for Federal estate tax was $304,519.82. This figure is arrived at by subtracting from the gross estate the debts, expenses, and specific bequests contained in the will. Petitioner maintains that the gift to Beloit College should be computed on the residuary estate of $304,519.82 without taking into consideration the Federal estate tax. The resulting charitable deduction would be $76,129.95. On the other hand, respondent argues that before the charitable deduction is to be computed the Federal estate tax must be subtracted from the residuary estate. This would in turn have the effect of reducing the amount of the charitable bequest, which *62 in turn would increase the amount of the Federal estate tax. Respondent relies upon section 2055(c), which provides as follows: (c) Death taxes payable out of bequests. If the tax imposed by section 2001, or any estate, succession, legacy, or inheritance taxes, are, either by the terms of the will, by the law of the jurisdiction under which the estate is administered, or by the law of the jurisdiction imposing the particular tax, payable in whole or in part out of the bequests, legacies, or devises otherwise deductible under this section, then the amount deductible under this section shall be the amount of such bequests, legacies, or devises reduced by the amount of such taxes. We agree with respondent. Although the initial responsibility for payment of the Federal estate tax is imposed upon the executor, [3] it is well settled that State law determines who bears the ultimate burden of the estate tax, except where the Federal Government has clearly directed otherwise in its taxing statutes. [4] This proposition was established by the Supreme Court in Riggs v. Del Drago, 317 U.S. 95 (1942), by the following language: We are of opinion that Congress intended that the *63 federal estate tax should be paid out of the estate as a whole, and that the applicable state law as to the devolution of property at death should govern the distribution of the remainder and the ultimate impact of the federal tax; * * * See also Fernandez v. Wiener, 326 U.S. 340 (1945). Accordingly, it is clearly established that the courts look to local State law to determine who shall bear the burden of the estate tax. Estate of Rosalie Cahn Morrison, 24 T.C. 965 (1955); Thompson v. Wiseman, 233 F. 2d 734 (C.A. 10, 1956); United States v. Goodson, 253 F. 2d 900 (C.A. 8, 1958). If under State law the estate tax is payable out of the residuary, then any bequest out of the residuary must be reduced accordingly. Rogan v. Taylor, 136 F. 2d 598, 599 (C.A. 9, 1943). This is so regardless of the fact that the particular bequest out of the residuary is to a charity. Harrison v. Northern Trust Co., 317 U.S. 476 (1943); Y.M.C.A. v. Davis, 264 U.S. 47 (1924). In this case, the *64 parties agree that the law of the State of Wisconsin is determinative of the instant issue. Wisconsin, like a majority of the States, [5] which have not passed apportionment statutes, holds that the burden of the Federal estate tax ultimately falls on the residuary estate unless the will or a State statute provides otherwise. In re Uihlein's Will, 264 Wis. 362, 59 N.W. 2d 641, 647 (1953); In re Joas' Estate, 16 Wis. 2d 489, 114 N.W. 2d 831, 833 (1962); In re Kootz' Will, 228 Wis. 306, 280 N.W. 672, 675 (1938); Estate of Herman Hohensee, Sr., 25 T.C. 1258, 1264 (1956); Weyenberg v. United States, 135 F. Supp. 299, 302 (D.C.E.D. Wis. 1955). See also United States v. Goodson, supra; Annot. 37 A.L.R. 2d 176 (1954). Some states, either by an act of the legislature or by judicial action, have adopted the doctrine of equitable apportionment whereby the burden of the estate tax is proportioned among the entire estate and not just the residuary. Wisconsin *65 is not one of these States. In re Uihlein's Will, supra. We have examined the will of the decedent and, contrary to petitioner's position, we do not find contained therein the expression of a clear intent to have the burden of the Federal estate tax placed any differently than the law provides. In re Joas' Estate, supra. Petitioner argues that in this case the residual estate should be broken up into two parts - taxable residuary and non-taxable residuary. It maintains that since the taxable portion of the residuary is sufficient to bear the burden of the Federal estate tax and since the nontaxable portion - bequest to Beloit College - does not contribute to the Federal estate tax, the entire burden of the Federal estate tax should be placed on the taxable portion of the residuary. Although petitioner's argument does sound equitable, the Supreme Court of Wisconsin has refused to adopt this approach in the absence of legislative action. In re Kootz' Will, supra; In re Uihlein's Will, supra.The Wisconsin Court, In re Uihlein's Will, supra, as well as the Supreme Court, Y.M.C.A. v. Davis, supra, has indicated that *66 the harsh result of a State's refusing to adopt an equitable apportionment of the Federal estate tax can always be alleviated by the testator's making proper provisions in his will. The decedent in this case did not choose to do so. Petitioner directs our attention to two Wisconsin statutes dealing with the State's inheritance tax. One section [6] provides that a bequest to charity, such as the one in issue, would not be subject to the inheritance tax. The other section [7] provides that the Federal estate tax is allowed as a deduction as a debt, in computing the State inheritance tax, only to the extent that it is computed on property which is reached by the State inheritance tax law. With the aid of these two sections, petitioner argues that no part of the Federal estate tax could, therefore, be deductible from the bequest to Beloit College. [8] We need not concern ourselves with whether the Federal estate tax, for purposes of Wisconsin inheritance taxes, would be allowed as a deduction as a debt of the estate. See In re Stevens' Estate, 266 Wis. 331, 63 N.W. 2d 732, 734 (1954). We are concerned here with a determination as to where the ultimate burden of the Federal *67 estate tax is placed under Wisconsin law. As we have already seen, Wisconsin follows the general rule placing the burden of the Federal estate tax, in absence of a contrary provision in the will, on the residuary estate. In re Joas' Estate, supra.The residuary is that part of the estate left after paying funeral expenses, attorneys' fees, executors' fees, debts of the decedent, taxes, and specific bequests. Y.M.C.A. v. Davis, supra.The Supreme Court of Wisconsin has stated that "Federal estate taxes stand in no different category than do debts or administration expenses." In re Uihlein's Will, supra.Cf. In re Cudahy's Will, 251 Wis. 116, 28 N.W. 2d 340, 341 (1947). Needless to say, then, that a determination of whether the Federal estate tax is a debt, deductible for purposes of computing the Wisconsin inheritance tax, is not in any way determinative of the issue in this case. *68 Accordingly, we hold that under the facts of this case, the burden of the Federal estate tax, under Wisconsin law, falls upon the residuary estate. Therefore, the amount of the charitable bequest to Beloit College coming out of the residuary must be reduced by the amount of such tax. In order to reflect concessions made by both parties, Decision will be entered under Rule 50. Footnotes
1. All other issues raised by the pleadings have been settled by the parties.↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954.↩
3. Sec. 2002, I.R.C. 1954↩. 4. See secs. 2206 and 2207, I.R.C. 1954↩.
5. Estate of Howard E. Stevens, 36 T.C. 184, 192 (1961). Estate of Rosalie Cahn Morrison, 24 T.C. 965, 968↩ (1955).
6. Sec. 72.04(1), Wis. Stats.↩
7. Sec. 72.01(8), Wis. Stats.↩
8. Petitioner's reply brief contains the following paragraph: Under Wisconsin 1943 Statutes, 72.01(8), the federal estate tax could not be deductible in any part from the Beloit College bequest because (1) such bequest was not subject to federal estate taxes under the I.R. Code; and (2) such bequest was not taxable for Wisconsin tax purposes under Wisconsin Statutes of 1945, Section 72.04(1)↩. Logically, if such federal taxes did not qualify as a debt against the Beloit College bequest, how in logic could such taxes be charged in part against such legacy? No apportionment law as such is needed to determine the legislative intent in this regard. The federal estate tax does not qualify as a debt or deduction from the bequest to Beloit College.